IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELINDA QUIÑONES-CRUZ [2],<br><br>Defendant. | CRIMINAL NO. 10-423 (DRD) |

**REPORT AND RECOMMENDATION**

Defendant Melinda Quiñones-Cruz was charged in Counts One and Two of an Indictment and she agreed to plead guilty to Count One of the Indictment. Count One charges that, from in or about October 2010, and continuing up to on or about October 24, 2010, int the District of Puerto Rico and elsewhere within the jurisdiction of this Court, defendants did knowingly and intentionally combine, conspire, confederate and agree together with each other to commit an offense against the Untied States, to wit: to possess with intent to distribute a detectable amount of cocaine a Schedule II Narcotic Drug Controlled Substance. All in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

On May 25, 2011, defendant appeared before this Magistrate Judge, since the Rule 11 hearing was referred by the Court. Defendant was provided with a Waiver of Right to Trial by Jury, which she signed and agreed upon voluntarily after examination in open court, under oath.

Defendant indicated and confirmed her intention to plead guilty to Count One of the Indictment, upon being advised of her right to have said proceedings before a district judge

of this court.[1]  Upon verifying through defendant's statement her age, education and any relevant aspect as to the use of medication, drugs, alcohol or substance dependency, and psychological or psychiatric condition, to ascertain her capacity and ability to understand, answer and comprehend the interactive colloquy with this Magistrate Judge, a determination was made as to defendant's competency and ability to understand the proceedings.

Having further advised defendant of the charges contained in above-stated Count One, she was examined and verified as being correct that: she had consulted with her counsel, Joseph C. Laws, prior to the hearing for change of plea, that she was satisfied with the services provided by her legal representative and had time to discuss with him all aspects of the case, insofar, among other things, regarding the change of plea, the consent to proceed before a United States Magistrate Judge, the content of the Indictment and the charges therein, her constitutional rights and the consequences of the waiver of same.

Defendant was specifically apprised by this Magistrate Judge that, upon withdrawing her initial plea of not guilty and now entering a plea of guilty to the charge specified, she was waiving her right to a public, speedy, and a trial by jury constituted by twelve (12) jurors who have to unanimously agree to a verdict.  She was also waiving her right to be presumed innocent and for the government to meet the obligation of establishing her guilt beyond a reasonable doubt.  Furthermore, she was waiving her right during said trial to confront the witnesses who were to testify against her and be able to cross-examine them, through counsel at said trial, as well as present evidence on her behalf.  she was also waiving the right to compel the attendance of witnesses and that subpoenas be issued to

---

[1] The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

---

United States of America v. Melinda Quiñones-Cruz
Criminal No. 10-423 (DRD)
Report and Recommendation
Page 3

have them appear in court to testify. Defendant was specifically apprised of her right to take the stand and testify, if she so decided, or not to testify, and no inference or decision as to her guilt could be made from the fact if she decides not to testify. Defendant was also explained her right not to incriminate himself; that upon such a waiver of all above-discussed rights a judgment of guilty and her sentence were to be based on her plea of guilty, and she would be sentenced by the judge after considering the information contained in a pre-sentence report.

As to all the above, defendant provided an individualized and positive acknowledgment of each and every waiver and, with the assistance of her counsel, Attorney Laws, indicated she freely and voluntarily waived those rights and understood the consequences. During all this colloquy, defendant was made aware that she could freely request from this Magistrate Judge any additional clarification, repetition, or ask questions and that she may consult with her attorney at any given time as to any issue.

Defendant expressed her understanding of the penalties prescribed by statute for the offenses as to which she was pleading guilty. The statutory penalty for the offense charged in Count One (1) is a term of imprisonment of not more than twenty (20) years, a fine not to exceed One Million dollars ($1,000,000.00), and a term of supervised release of at least three (3) year.

The defendant agrees that any fine or restitution imposed by the Court will be due and payable immediately. The defendant cannot be placed on probation, nor have the imposition or execution of the sentence suspended. Further, the defendant acknowledges that parole has been abolished.

United States of America v. Melinda Quiñones-Cruz
Criminal No. 10-423 (DRD)
Report and Recommendation
Page 4

    Pursuant to paragraph number four (4), defendant shall pay a special assessment of one hundred dollars ($100.00) per count of conviction to be deposited in the Crime Victim Fund, pursuant to Title 18, United States Code, Section 3013(a).

    Having ascertained directly from defendant that she had not been induced in any way to plead guilty, that no one had forced her in any way to plead guilty, nor that she had been offered any reward or any other thing of value to get her to plead guilty, the document entitled "Plea Agreement pursuant to Federal Rules of Criminal Procedure 11(c)(1)(A) and (B)" ("the Agreement") and the "Plea Agreement Supplement"[2] were shown to defendant, verifying her signature and initials on each and every page.

    Pursuant to said Agreement, and insofar as Count One, as to which defendant already was aware of the maximum possible penalties, defendant was apprised that it was up to the sole discretion of the sentencing court what the sentence to be imposed on her will be. Defendant was specifically informed that if the sentencing court were to impose a sentence which turned out to be higher or more severe than the one she might be expecting, for said reason alone, defendant would have no grounds for the court to allow her to withdraw her plea of guilty.

    Pursuant to paragraph Eight, the United States of America and defendant stipulate for purposes of this plea agreement that this defendant shall be accountable for conspiring to possess with the intent to distribute at least 500 grams, but less than 2 kilograms of cocaine.

---

[2] Defendant acknowledged discussing the "Plea Agreement Supplement" with her counsel and stated she understood the terms and consequences of the same. Defense counsel recognized he explained to defendant the content of the "Plea Agreement Supplement" and explained to defendant its consequences.

United States of America v. Melinda Quiñones-Cruz
Criminal No. 10-423 (DRD)
Report and Recommendation
Page 5

The above-captioned parties' estimate and agreement that appears on page four (4), paragraph nine of the Agreement, regarding the possible applicable advisory Sentencing Guidelines, were further elaborated and explained. Regarding Count One (1) of the Indictment, the Base Offense Level is of Twenty-Six (26) (at least 500 grams but less than 2 kilograms of cocaine). Pursuant to U.S.S.G. § 3B1.2, a decrease of two (2) levels is agreed for minor participant. Pursuant to U.S.S.G. § 3E1.1(a), a decrease of three (3) levels is agreed for acceptance of responsibility. Therefore, the Total Offense Level is of Twenty-One (21), yielding an imprisonment range of Thirty-Seven (37) to Forty-Six (46) months if the Criminal History Category is I.

Pursuant to paragraph Ten (10) of the Agreement, the parties agree to recommend that the defendant be sentenced to a term of imprisonment at the Lower End of the Adjusted Offense Level determined by the Court.

The United States and the defendant agree that no further adjustments or departures to the defendant's total adjusted base offense level and no variance sentence under 18 USC § 3553 shall be sought by the parties. The parties agree that any request by the defendant for an adjustment or departure will be considered a material breach of this plea agreement.

At sentencing the United States will dismiss Count Two of the Indictment.

The parties do not stipulate any assessment as to the defendant's Criminal History Category.

As part of the written Agreement, the government, the defendant, and her counsel also agreed they are aware that the Sentencing Guidelines are no longer mandatory and are thus considered advisory.

The government presented to this Magistrate Judge and to defendant, assisted by her counsel, a summary of the basis in fact for the offenses charged and the evidence the government had available to establish, in the event defendant had elected to go to trial, the commission of the offense, beyond a reasonable doubt. Counsel and defendant acknowledged the evidence of the government was fully disclosed to them and previously discussed between the two. Defendant was able to understand this explanation and agreed with the government's submission.

Defendant was explained that the Agreement with the government does not bind any other district, except the district of Puerto Rico, and it contained all the promises, terms and conditions which defendant, her attorney and the government, have entered.

Having once more ascertained that defendant has indicated not being induced to plead guilty, and was entering such a plea because in fact she is guilty, without any promises or predictions being made as to the sentence to be imposed by the court, defendant was informed that parole has been abolished under the advisory Sentencing Reform Act and that any sentence of imprisonment would be served, without her being released on parole. Defendant was additionally informed that prior to sentence, the sentencing judge will have a pre-sentence report and that it would be made available to him, to her counsel and to the government, so that they be allowed to correct or object to any information contained in said report which was not accurate.

Defendant was informed that she can appeal her conviction if she believes that her guilty plea was somehow unlawful or involuntary or if there is some other fundamental defect in the proceedings which was not waived by her guilty plea. Defendant was also informed that she has a statutory right to appeal her sentence under certain circumstances particularly

if the sentence is contrary to law. Any notice of appeal must be filed within fourteen (14) days of judgment being entered in the case. Defendant was also apprised the right to appeal is subject to certain limitations allowed by law because her Plea Agreement contains a waiver of appeal in paragraph twenty (20) which was read to defendant in open court. Defendant recognized having knowledge of the waiver of appeal, discussing the same with her counsel and understanding its consequences. Defense counsel acknowledged discussing the waiver of appeal and its consequences with her client.

Defendant waived the reading of the Indictment in open court because she is aware of its content. Defendant was shown a written document entitled "Government's Version of the Facts", which had been signed by defendant and her counsel and is attached to the Agreement, wherein the signature of counsel for the government also appears. Defendant was provided an opportunity to see and examine same, indicating she availed himself of the opportunity to further discuss same with her attorney and then she positively stated that what was contained in Count One was what she had done and to which she was pleading guilty during these proceedings. Thereafter, defendant expressed in no uncertain terms that she agreed with the government's evidence as to her participation in the offense. Thereupon, defendant indicated she was pleading guilty to Count One of the Indictment in Criminal No. 10-423 (DRD).

This Magistrate Judge after having explained to the defendant her rights, ascertaining that she was acting freely and voluntarily to the waiver of such rights and in her decision of pleading guilty, with full knowledge of the consequences thereof, and there being a basis in fact for such a plea, is recommending that a plea of guilty be entered as to Count One of the Indictment in Criminal No. 10-423 (DRD).

**IT IS SO RECOMMENDED.**

The sentencing hearing is set for September 15, 2011 at 10:00 a.m., before Honorable Daniel R. Domínguez, District Court Judge.

San Juan, Puerto Rico, this 25th day of May of 2011.

                                             s/ CAMILLE L. VELEZ-RIVE
                                             CAMILLE L. VELEZ-RIVE
                                             UNITED STATES MAGISTRATE JUDGE